DAVID CHERNICK, *Assignee vs.* ANTHONY ANNELFO *et ux.*

JANUARY 21, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a petition under general laws 1938, chapter 535, § 4, whereby Anthony Annelfo and wife seek a trial of a case on the ground that a judgment for the plaintiff was entered therein through accident, mistake, or unforeseen cause.

The petition, in substance, alleges that David Chernick, as assignee of the estate of Romeo Colando, commenced an action against these petitioners by writ of attachment returnable to the seventh judicial district court on October 27, 1939; that the writ was duly entered therein and was answered for the defendants, petitioners here, by their attorney, who also requested a bill of particulars; that the attorney for the plaintiff then agreed orally with the defendants' attorney that a bill of particulars would be furnished sometime later, following which the case would be tried upon a date which was agreeable to both, and that meanwhile the case would be continued *nisi*.

It further alleges that the plaintiff, respondent here, had full knowledge of such agreement but nevertheless, in violation thereof and entirely without the knowledge or consent of the defendants or their attorney, caused a decision and later a judgment to be entered by default against the defendants; that an execution was taken out upon said judgment but was never levied nor returned to the court unsatisfied, and was never otherwise brought to the attention of the defendants or their attorney until more than six months had elapsed, when another writ of attachment in an action of debt on said judgment was commenced by the same plaintiff against said defendants.

The petition also states that the attorney for the defendants, as soon as he was informed of these facts, requested

the plaintiff to remove the default and reinstate the case for immediate trial but that this was refused by the plaintiff; and that the defendants then brought a bill in equity in the superior court to restrain further proceedings in the action of debt on judgment until this court would convene in October 1940, when the instant petition was filed.

The material allegations of the petition are supported by affidavits of the petitioners, their attorney and his secretary. In addition, the papers of the district court relating to the two cases referred to are also before us. On the other hand, the respondent and his attorney have filed affidavits which substantially contradict most of the material allegations upon which the petitioners rely. However, certain important facts appearing in the affidavits on behalf of the petitioners are admitted in part, or at least they are not completely denied.

For example, the affidavit of the plaintiff's attorney expressly admits the receipt of a letter from the defendants' attorney, dated October 30, 1939, which read: "This is to advise you that I have answered the above entitled case returnable on October 27th, 1939 and requested a bill of particulars. Will you kindly mail the bill of particulars to me and advise me as to when you want to dispose of the case?" Notwithstanding the acknowledged receipt of such letter, the affidavit of the plaintiff's attorney does not show that he personally ever suggested any definite date for disposition of the case; or that he even knew that the case was to be disposed of by the plaintiff himself on January 12, 1940.

Moreover, although the plaintiff himself apparently had attended to numerous continuances of the case from time to time for a period of almost three months, his own affidavit does not show that he ever notified the defendants' attorney that he would expect disposition of the case on January 12, 1940, when he requested a decision by default. Indeed, it does not appear by his affidavit that he ever informed de-

fendants' attorney of any particular date when he intended finally to dispose of the case. Again, it is not denied that the plaintiff failed to levy execution upon the judgment, or to otherwise notify the defendants themselves of the judgment, until the original case was beyond the jurisdiction of the district court. Further, while his affidavit denies, by inference or in a general way, that he requested "payment of any sum of money" before he would then agree to a trial on the merits, the affidavit of defendants' attorney specifically states that plaintiff demanded payment of the unreasonable sum of $100 for this purpose; and it is undisputed that plaintiff never granted such a trial.

Upon a consideration of all the facts appearing in the affidavits, including the conduct of the parties with reference thereto, we are of the opinion that justice requires the granting of the petition. The evidence reasonably leads to one of two conclusions. Either a judgment by default was entered by plaintiff in violation of an agreement between the attorneys for the parties, or such judgment was obtained as a result of conduct by the plaintiff and his attorney which gave the defendants' attorney reason to believe and to rely upon the fact that there was such an agreement as alleged. In either event we think that justice will be served by requiring that the judgment be vacated and that the case be reinstated for a trial upon the merits. The defendants have acted promptly and consistently. If the plaintiff has a good cause of action, no harm will come to him through a trial upon the merits. If he has not a good cause of action, he ought not, at least in the circumstances appearing here, be permitted to retain a judgment without such trial.

Counsel for the respondent contends, however, that this petition should be denied, because the petitioners have not shown the existence of a good defense, as is ordinarily required to support removal of a default. This contention ignores the material complaint here, *viz.*, that the judgment was obtained without a trial, only because of plaintiff's viola-

tion of an express agreement or at least through some misunderstanding or mistake, brought about by plaintiff's conduct. However, we have examined the petition and all of the affidavits and papers before us and we think that there is sufficient, if proved, to show a good defense of payment.

There is also a plea of the statute of limitations which, if supported by proper evidence, would provide a further defense to the action. But the respondent argues that nothing in the court record shows that this plea was filed in the original case. On the other hand, nothing upon the jacket of either case or the plea itself shows that the plea was not properly filed in the original case, since it bears no file mark; and the petitioners' attorney shows that it was filed in the original case. We think that a consideration of all the evidence, including the conduct of the attorneys in that connection, indicate reasonably that the plea of the statute of limitations was intended for filing in the original case and probably became misplaced in the later case, to which said plea would hardly be pertinent.

For the reasons stated, we are of the opinion that the petitioners are entitled to the relief prayed for and, accordingly, their petition is granted.

The judgment of the district court of the seventh judicial district, entered on the 19th day of January A. D. 1940 in action No. 7353 entitled David Chernick, Assignee of Estate of Romeo Colando vs. Anthony Annelfo and Assunta Annelfo, is hereby vacated and said action is hereby reinstated on the docket of said court for a trial and further proceedings according to statute.

*Frank H. Wildes,* for plaintiff.

*Benjamin Cianciarulo,* for defendants.